UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GEORGE MICHAEL GRESHAM,

        Petitioner,         Case No. 1:13-cv-1039

v.         Honorable Robert J. Jonker

CINDI CURTIN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner George Michael Gresham presently is incarcerated at the Oaks Correctional Facility. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct involving a person under 13, MICH. COMP. LAWS § 750.520b(1)(a). On June 24, 2009, he was sentenced to two prison terms of 25 to 40 years.

Petitioner appealed his convictions to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same four grounds: (1) the evidence was insufficient to support his convictions; (2) an expert witness improperly vouched for the victim's credibility; (3) trial counsel was ineffective for not objecting to highly improper bad-character evidence; and (4) the prosecutor committed misconduct by improperly eliciting testimony, to which trial counsel was ineffective in failing to object. In a split decision issued December 7, 2010, the Michigan Court of Appeals affirmed the convictions. The Michigan Supreme Court denied leave to appeal on October 20, 2011.

On September 4, 2012, Petitioner filed a motion for relief from judgment in the trial court. In his motion, Petitioner presented the following five issues: (1) the courtroom was unconstitutionally closed to the public; (2) trial counsel was ineffective in failing to object to the closure; (3) trial and appellate counsel both were ineffective in failing to investigate potential witnesses; (4) the prosecutor committed misconduct by allowing false testimony to go uncorrected; and (5) appellate counsel was ineffective in failing to raise the issue on appeal. The trial court denied the motion on September 20, 2012. Petitioner did not file his delayed application for leave to appeal within six months of the court's order, as required by MICH. CT. R. 7.105(F)(2)(b).

Instead, he filed his application on July 31, 2013, and it was dismissed as untimely on August 9, 2013.

Petitioner filed the instant habeas application on September 19, 2013, raising all of the issues presented to and rejected by the Michigan courts in both his direct appeal and collateral motion.

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 20, 2011. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 18, 2012.

Petitioner had one year from January 18, 2012, in which to file his habeas application. Petitioner filed on September 19, 2013. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling or other excuse, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance' - *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ." *Carey v. Saffold*, 536 U.S. 214, 219 (2002).

Petitioner filed a motion for relief from judgment on September 4, 2012, 230 days into the 365-day limitations period. The trial court denied his motion on September 20, 2012. Under the Michigan Court Rules, Petitioner had six months in which to file a delayed application for leave to appeal to the Michigan Court of Appeals. *See* MICH. CT. R. 7.105(F)(2). Petitioner did not file an appeal during that period. As a consequence, his state process was complete at the end of the six-month appeal period on March 4, 2013, and the statute again began to run with 135 days remaining in the limitations period. That period expired on July 17, 2013.

On July 31, 2013, nearly four months after the time had expired for filing a delayed application for leave to appeal to the Michigan Court of Appeals, Petitioner filed a notice of appeal in that court. The court dismissed the appeal as untimely on August 9, 2013. An application for post-conviction relief must be "properly filed" in order to toll the running of the statute of limitations under § 2244(d)(2). An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz*, 531 U.S. at 8. As discussed, Petitioner's motion was filed months beyond the time period allowed under the MICH. CT. R. § 7.105(F)(2), and the court of appeals dismissed the appeal as untimely. A motion is not "properly filed" when the state court dismisses it as untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Artuz*, 531 U.S. at 8-9; *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001); *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (declining to apply federal mailbox rule to state post-conviction filings). Moreover, a petitioner may not challenge the state court's determination of timeliness. *See Vroman*, 346 F.3d 598, 604 (6th Cir. 2003); *Israfil*,

276 F.3d at 771. "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and rules of practice." *Israfil*, 276 F.3d at 771; *see also Vroman*, 346 F.3d at 604. Petitioner's appeal therefore was not properly filed and did not serve to toll the statute of limitations under 28 U.S.C. § 2244(d)(2)

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner asserts that he was late filing his notice of appeal in the Michigan Court of Appeals because he did not receive timely notice of the trial court's denial of his motion for relief from judgment on September 20, 2012. Petitioner does not indicate when he received notice of the order denying relief from judgment. The Court will assume without deciding that a state-court failure to notify a petitioner of the disposition of his motion may, in some situations, amount to the sort of extraordinary circumstance contemplated by *Pace*, 544 U.S. at 418. *See Keeling v. Warden*,

673 F.3d 452, 463-64 (6th Cir. 2012) (holding that an attorney's failure to advise a petitioner of a decision on appeal could, in some circumstances, trigger equitable tolling, if the petitioner was otherwise diligent in pursuing his rights); *Winkfield v. Bagley,* 66 F. App'x 578, 582-83 (6th Cir. 2003) (same). Petitioner, however, has not demonstrated the existence of an extraordinary circumstance in the instant case, and he has not shown the requisite diligence entitling him to equitable tolling. Assuming that Petitioner learned of the trial court's decision sometime before the state-court appeal period expired, the delay in his receiving notice may not have risen to the level of an extraordinary circumstance, and his failure to file a timely appeal may not have reflected due diligence. Moreover, even if Petitioner did not learn that the trial court had ruled on his motion until shortly before July 31, 2013, the date on which he filed his untimely appeal, Plaintiff fails entirely to explain why he did not monitor the status of his motion for nearly 11 months. Failing to monitor the status of an appeal and diligently pursue § 2254 relief does not justify equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 752-53 (6th Cir. 2011); *Elliot v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) (citing *Coleman v. Johnson*, 184 F.3d 298, 402 (5th Cir. 1999)). Further, knowing that his appeal was late under the state rules, Petitioner knowingly elected to file a patently futile application for leave to appeal in the state court instead of immediately filing his habeas petition, rendering his habeas petition even more untimely. For all these reasons, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*,

a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner neither claims that he is actually innocent nor proffers new and compelling evidence of his innocence. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: October 18, 2013              /s/ Hugh W. Brenneman, Jr.
                                     HUGH W. BRENNEMAN, JR.
                                     United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).