UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

GEORGE MICHAEL GRESHAM,

            Petitioner,                           Case No. 1:13-cv-1039

v.                                           Honorable Robert J. Jonker

CINDI CURTIN,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.[1]

---

[1] I previously entered a report and recommendation (R&R) that the habeas petition be dismissed as time-barred. Thereafter, Petitioner filed objections to the R&R (docket #8) and a motion seeking equitable tolling (docket #11). In his objections and motion, Petitioner provided new information about the history of his state-court litigation. In an order issued February 27, 2014 (docket #30), the district court declined to accept the R&R and remanded the case to me for further consideration of the evidence presented in the objections and the motion for equitable tolling. The instant R&R

## Discussion

I.        Factual Allegations

Petitioner George Michael Gresham is incarcerated at the Oaks Correctional Facility. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct involving a person under 13, MICH. COMP. LAWS § 750.520b(1)(a).  On June 24, 2009, he was sentenced to two prison terms of 25 to 40 years.

Petitioner appealed his convictions to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same four grounds:  (1) the evidence was insufficient to support his convictions; (2) an expert witness improperly vouched for the victim's credibility; (3) trial counsel was ineffective for not objecting to highly improper bad-character evidence; and (4) the prosecutor committed misconduct by improperly eliciting testimony, to which trial counsel was ineffective in failing to object.  In a split decision issued December 7, 2010, the Michigan Court of Appeals affirmed the convictions.  The Michigan Supreme Court denied leave to appeal on October 20, 2011.  Petitioner had 90 days from this date (i.e., January 18, 2012) to seek review in the United States Supreme Court, and failing to do that, one year from January 18, 2012 to file a petition for writ of habeas corpus.

On September 4, 2012, Petitioner filed a motion for relief from judgment in the trial court.  In his motion, Petitioner presented the following five issues:  (1) the courtroom was unconstitutionally closed to the public; (2) trial counsel was ineffective in failing to object to the closure; (3) trial and appellate counsel both were ineffective in failing to investigate potential witnesses; (4) the prosecutor committed misconduct by allowing false testimony to go uncorrected;

---

addresses all facts discussed in Petitioner's habeas application, his objections to the first R&R, his motion seeking equitable tolling, and his motion to stay the petition (docket #3).

and (5) appellate counsel was ineffective in failing to raise the issue on appeal.  The trial court denied the motion on September 20, 2012.  Petitioner, however, did not receive notice that his motion had been denied until January 9, 2013, when he received an order issued by the trial court, denying his request to amend his motion for relief from judgment, because the court had already denied the motion for relief from judgment on September 20, 2011.[2]  Petitioner did not appeal at that time, but instead sent a letter asking for a copy of the order and clarification of the date.  In a letter dated February 5, 2013, the trial judge explained that the date of the order denying the motion for relief from judgment was September 20, 2012, not 2011, and indicated that he was attaching a copy of that order.  However, the judge inadvertently failed to include a copy of the order.  Instead the trial judge attached a copy of the order denying a motion to appoint counsel of that same date.  On February 8, 2013, Petitioner wrote again to the trial judge.  On March 6, 2013, Petitioner received a response from the trial judge dated March 4, 2013, together with copies of five orders, including the September 20, 2012 order denying relief from judgment and the January 9, 2013 order denying leave to amend the motion.

On the date he received the order, Petitioner had 14 days remaining in his statutory period for filing a delayed application for leave to appeal to the Michigan Court of Appeals.  *See* MICH. CT. R. 7.105(F)(2)(b).  Petitioner did not file his delayed application for leave to appeal within those 14 days.  Instead, he sent a letter to the Michigan Court of Appeals, seeking an extension of time in which to file his appeal.  On March 28, 2013, the court of appeals sent a letter in response to his request, indicating that the time for filing an appeal was jurisdictional, and the court therefore could not grant his request for an extension of time.  Nevertheless, Petitioner filed

---

[2]Although the order indicated that the motion was denied on September 20, 2011, that date was obviously in error, as it preceded by nearly a year the date on which Petitioner filed his motion.

- 3 -

a knowingly late application for leave to appeal on July 31, 2013, and it was dismissed as untimely on August 9, 2013.

Petitioner filed the instant habeas application on September 19, 2013, raising all of the issues presented to and rejected by the Michigan courts in both his direct appeal and collateral motion. On November 4, 2013, after Petitioner had filed his habeas petition, the trial court sua sponte vacated its September 19, 2012 order denying relief from judgment and entered a new order denying relief from judgment. Petitioner does not appear to have filed an appeal of the November 4, 2013 order.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

- 4 -

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on October 20, 2011.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on January 18, 2012.

Petitioner had one year from January 18, 2012, in which to file his habeas application. Petitioner filed on September 19, 2013.  Obviously, he filed more than one year after the time for direct review expired.  Thus, absent tolling or other excuse, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review, however, tolls the statute of limitations during the period the application is pending.  *See* 28 U.S.C. § 2244(d)(2).  An application for post-conviction relief "is pending as long as the ordinary

state collateral review process is 'in continuance' - *i.e.*, 'until the completion of' that process.  In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ." *Carey v. Saffold*, 536 U.S. 214, 219 (2002).

Petitioner filed a motion for relief from judgment on September 4, 2012, 230 days into the 365-day limitations period.  The trial court denied his motion on September 20, 2012.  Under the Michigan Court Rules, Petitioner had six months in which to file a delayed application for leave to appeal to the Michigan Court of Appeals.  *See* MICH. CT. R. 7.105(F)(2).  Petitioner did not file an appeal during that period.  As a consequence, his state process was complete at the end of the six-month appeal period, or March 20, 2013, and the habeas statute of limitations again began to run with 135 days remaining in the limitations period.  The habeas limitations period expired on July 17, 2013.  On July 31, 2013, nearly four months after the time had expired for filing a delayed application for leave to appeal to the Michigan Court of Appeals, Petitioner filed a notice of appeal in that court.  The state court dismissed the appeal as untimely on August 9, 2013.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).  Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490).

- 6 -

Since the July 31, 2013 application for leave to appeal was not properly filed, it could not serve to toll the statute of limitations, even if the statute had not already expired. *See* § 2244(d)(2). An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8 (emphasis in original). These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* As previously discussed, Petitioner's motion was filed months beyond the time period allowed under the MICH. CT. R. § 7.105(F)(2), and the court of appeals dismissed the appeal as untimely.  A motion is not "properly filed" when the state court dismisses it as untimely.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Artuz*, 531 U.S. at 8-9; *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001); *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (declining to apply federal mailbox rule to state post-conviction filings).  Moreover, a petitioner may not challenge the state court's determination of timeliness. *See Vroman*, 346 F.3d 598, 604 (6th Cir. 2003); *Israfil*, 276 F.3d at 771.  "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and rules of practice."  *Israfil*, 276 F.3d at 771; *see also Vroman*, 346 F.3d at 604. Petitioner's July 31, 2013 application for leave to appeal therefore was not properly filed and did not serve to toll the statute of limitations under 28 U.S.C. § 2244(d)(2).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that

equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace*, 544 U.S. at 418); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

In his motion to stay the proceedings, his motion for equitable tolling, and his objections to the first R&R, Petitioner argues that he is entitled to equitable tolling of the habeas statute of limitations. He first claims that he was late filing his notice of appeal in the Michigan Court of Appeals because he did not receive a copy of the trial court's September 20, 2012 order denying his motion for relief from judgment until March 6, 2013, only 14 days before the time for filing the appeal expired. The Court will assume without deciding that a state-court failure to notify a petitioner of the disposition of his motion may, in some situations, amount to the sort of extraordinary circumstance contemplated by *Pace*, 544 U.S. at 418. *See Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012) (holding that an attorney's failure to advise a petitioner of a decision on appeal could, in some circumstances, trigger equitable tolling, if the petitioner was otherwise diligent in pursuing his rights); *Winkfield v. Bagley,* 66 F. App'x 578, 582-83 (6th Cir. 2003) (same). Petitioner, however, has not demonstrated that the delay in his receipt of the order amounts to an extraordinary circumstance on the facts of this case, because he has not demonstrated the delay actually interfered with the timely filing of his habeas petition.

Petitioner first learned of the trial court's September 20, 2012 decision on January 9, 2013. Even though he did not actually see the order until two weeks before the state-court deadline for filing an application for leave to appeal, he had more than two months notice of the September 20, 2012 denial. Because Petitioner knew the date his motion was denied, he could calculate the date on which his time would expire for filing a delayed application for leave to appeal. He easily could have drafted his appeal using the same arguments he raised in his motion for relief from judgment. In addition, he had two weeks in which to tweak his appeal in response to the trial court's order. Petitioner therefore could have filed a timely state-court appeal.

Further, once Petitioner received the March 28, 2013 letter from the court of appeals, he necessarily became aware that any appeal he subsequently filed in the Michigan Court of Appeals would be untimely and jurisdictionally barred, and he should have known that the September 20, 2012 order denying relief from judgment was final. He therefore should have been aware that his habeas statute of limitations would have begun to run again on March 20, 2012, the date on which his time for seeking leave to appeal expired. Nevertheless, knowing that his appeal was late under the state rules and presumptively knowing that the remaining 135 days of his habeas limitations period was running, Petitioner waited more than four months before filing a patently untimely application for leave to appeal in the state court instead of immediately filing his habeas petition.

Petitioner argues that he was not aware that the habeas statute of limitations would begin to run when the time expired for filing an application for leave to appeal to the Michigan Court of Appeals. Instead, he assumed that the statute would remain tolled until the 56-day period for appealing to the Michigan Supreme Court had expired. The Sixth Circuit repeatedly has held that ignorance of the law is not sufficient to warrant equitable tolling. *See, e.g., Allen v. Bell*, 250

- 9 -

F. App'x 713, 715 (6th Cir. 2007) (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005). Moreover, Petitioner cannot reasonably suggest that he believed that he could file his application for leave to appeal four months after the state-court deadline and still assume that his habeas petition would remain pending. *See Carey*, 536 U.S. at 219 (unequivocally holding that 28 U.S.C. § 2244(d)(2) only tolls applications for collateral relief during the time the state-court processes are pending).

For all these reasons, it was not the delay in Petitioner's receipt of the order denying relief from judgment that interfered with the filing of his habeas petition. Instead, Petitioner's own disregard of both state and federal deadlines caused him to file an untimely habeas petition.

Petitioner next argues that he was diagnosed with Attention Deficit Disorder (ADD) and that the disorder causes him to become confused. He suggests that he should be entitled to equitable tolling because of his ADD.

In *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), the Sixth Circuit adopted the reasoning of an unpublished Sixth Circuit decision, *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008), holding that a petitioner's mental condition that prevents the timely filing of a habeas petition is an extraordinary circumstance that may equitably toll the AEDPA's one-year statute of limitations. *Ata*, 662 F.3d at 741-42. To obtain equitable tolling of the habeas statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. *Id*. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* at 742.

- 10 -

Petitioner is not entitled to equitable tolling of the statute of limitations on the basis of his ADD. Petitioner makes no more than a conclusory allegation that he has ADD. He does not declare that the disorder actually caused him to miss his habeas deadline. Instead, he asserts that "it [is] safe to say that six months of the one-year limitation period *could* have been wasted due to Petitioner[']s confusion." (Pet'r's Objections to R&R, docket #8, Page ID#180 (emphasis added).) Petitioner's hypothetical about the possible effect of the disorder on his ability to file a timely petition is wholly insufficient to demonstrate the necessary causal connection. Moreover, Petitioner's general statement is at odds with the history of his multiple state filings (i.e., his motion for relief from judgment, his motion to amend his original motion, and his subsequent correspondence with the trial and appellate courts).

In addition, although the state trial court withdrew its September 20, 2012 order denying relief from judgment on November 4, 2013, thereby permitting Petitioner to file a new application for leave to appeal to the Michigan Court of Appeals, Petitioner's time for filing his habeas petition is unaffected. As previously discussed, tolling provision of § 2244(d)(2) does not "revive" the limitations period; it merely serves to pause a clock that has not yet fully run. *Payton*, 256 F.3d at 408. Because Petitioner's habeas limitations period expired on July 17, 2013, the state court's subsequent November 4, 2013 revised order denying relief from judgment has no impact on the timeliness of his petition. It cannot serve to reset the clock.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a

- 11 -

Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)).   Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.  In the instant case, Petitioner neither alleges nor shows that he is actually innocent.  He therefore is not excused from the AEDPA's statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that Petitioner's motion to stay the proceedings (docket #3), his motion for equitable tolling (docket #11), and his habeas corpus petition all be denied, because Petitioner is not entitled to equitable tolling, and his petition therefore is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  August 4, 2014                              /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).